UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARJORY HUTCHISON,

    Plaintiff,

-vs-

MARIANNE O. BATTANI

02-60171

CITY OF ECORSE, a Municipal corporation,
ECORSE CITY COUNCILPERSON ZEDORA MILLER,
ECORSE CITY COUNCILPERSON ANGELA SMITH, MAGISTRATE WALLACE CAPEL
ECORSE CITY COUNCILPERSON CHERYL MONROE
and ECORSE CITY COUNCILPERSON BOBBIE BAKER,

    Defendants.
_____/

WILLIAM C. HARSHA (P40308)
Attorney for Plaintiff
30200 Telegraph Road, Suite 440
Bingham Farms, Michigan 48025-4506
(248) 647-8930
_____/

LAW OFFICES OF WILLIAM C. HARSHA, P.C.
30200 Telegraph Road, Suite 440, Bingham Farms, Michigan 48025-4506
(248) 647-8930

FILED
02 AUG 13 A9:42
U.S. DIST. COURT CLERK
EAST DIST. MICH
DETROIT

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

THERE IS NO CIVIL ACTION BETWEEN THESE PARTIES ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT PENDING IN THIS COURT, NOR HAS ANY SUCH ACTION BEEN PREVIOUSLY FILED AND DISMISSED OR TRANSFERRED AFTER HAVING BEEN ASSIGNED TO A JUDGE, NOR DO I KNOW OF ANY OTHER CIVIL ACTION, NOT BETWEEN THESE PARTIES, ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT THAT IS EITHER PENDING OR WAS PREVIOUSLY FILED AND DISMISSED, TRANSFERRED, OR OTHERWISE DISPOSED OF AFTER HAVING BEEN ASSIGNED TO A JUDGE IN THIS COURT.

                                                            _____
                                                            WILLIAM C. HARSHA (P40308)
                                                             Attorney for Plaintiff

NOW COMES plaintiff herein, by and through her attorney, William C. Harsha, and complains against the above named defendants as follows:

## COMMON COUNTS

1. That at all times relevant hereto plaintiff, Marjory Hutchison, is a resident of the City of Ecorse, County of Wayne, State of Michigan.

2. That at all times relevant hereto the defendant, City of Ecorse, was a duly constituted municipal corporation located in the County of Wayne, State of Michigan.

3. That defendant, City of Ecorse, is governed by and acts under authority of its city council which is comprised of members elected by the citizens of the City of Ecorse.

4. That at all times relevant hereto the defendant, Zedora Miller, was a city councilperson for the City of Ecorse.

5. That at all times relevant hereto the defendant, Angela Smith, was a city councilperson for the City of Ecorse.

6. That at all times relevant hereto the defendant, Cheryl Monroe, was a city councilperson for the City of Ecorse.

7. That at all times relevant hereto the defendant, Bobbie Baker, was a city councilperson for the City of Ecorse.

8. That on or about November 13, 2001, defendant, City of Ecorse, passed unanimously a resolution that plaintiff, Marjory Hutchison, be appointed secretary to the Mayor of the City of Ecorse for a term of two (2) years.

LAW OFFICES OF WILLIAM C. HARSHA, P.C.
30200 Telegraph Road, Suite 440, Bingham Farms, Michigan 48025-4506
(248) 647-8930

9. That the term was to end on the second Tuesday after the City general election to be held in November 2003 and "until her successor is appointed, qualified and enters upon the duty of that office".

10. That it was further resolved by the Council that plaintiff would receive the same benefits and salary adjustments as afforded by AFSCME union employees.

11. That at all times relevant hereto the plaintiff, Marjory Hutchison, is the daughter of James DiTrapani, Mayor of the City of Ecorse.

12. That on or about April 16, 2002, defendant, City of Ecorse, through resolution by its council laid off the plaintiff with two (2) weeks notice.

13. That said resolution had the support of the individual defendants to this action.

14. That this Court has jurisdiction over the federal claims pursuant to 28 USC 1331 and supplemental jurisdiction over the state claims pursuant to 28 USC 1367.

15. That the cause of action complained of herein occurred in the County of Wayne, State of Michigan and alleges violations of 42 USC 1983 as well as other causes of action.

16. That the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) and is otherwise within the jurisdiction of this Court.

## COUNT I

### BREACH OF CONTRACT

17. That plaintiff herein reasserts and realleges each and every allegation contained in paragraphs one (1) through sixteen (16) of this Complaint as if set forth herein word for word and paragraph for paragraph.

3

18. That the action by the defendant in "laying off" the plaintiff violated and breached the agreement entered into by way of resolution between defendant and the plaintiff.

19. That defendant further violated and breached the resolution by failing to provide the same benefits and salary adjustments afforded to AFSCME union employees.

20. That plaintiff performed responsibly all of the obligations in a prompt and complete manner.

21. That defendant's conduct in terminating plaintiff's employment and failing to provide her with the agreed upon benefits and salary adjustments constitutes a breach of the agreement between the parties.

22. That as a direct and proximate result of defendant's breach plaintiff has suffered the following damages:

    A. Loss of wages; and,

    B. Loss of benefits.

23. That plaintiff's damages exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE plaintiff demands judgment in her favor and against the defendants in an amount such as plaintiff show herself to be entitled as well as costs, interest, punitive damages and attorney fees.

LAW OFFICES OF WILLIAM C. HARSHA, P.C.
30200 Telegraph Road, Suite 440, Bingham Farms, Michigan 48025-4506
(248) 647-8930

## COUNT II

## VIOLATION OF UNITED STATES CONSTITUTION

24. That plaintiff herein reasserts and realleges each and every allegation contained in paragraphs one (1) through twenty-three (23) of this Complaint as if set forth herein word for word and paragraph for paragraph.

25. That 42 USC 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

26. That defendant, City of Ecorse, is a person within the meaning of 42 USC 1983.

27. That defendant's termination of plaintiff's employment was based on plaintiff supporting the Mayor on various political issues opposed by the individual defendants.

28. That said termination was also in retaliation for the plaintiff being the Mayor's daughter and providing support and taking position on various political issues.

29. That defendant terminated plaintiff's employment in retaliation for her exercising her first and fourteenth amendment rights of political association in violation of 42 USC 1983.

30. That the right of political association is a well established right under the first amendment to the United States Constitution.

5

31. That support of a political candidate is within the scope of the right of political association.

32. That defendant's actions in terminating plaintiff's employment violated 42 USC 1983.

33. That as a direct and proximate result of defendant's actions, plaintiff has suffered damages including, but not limited to, mental anguish, emotional distress, embarrassment, humiliation, indignity, wage loss and loss of benefits.

34. That plaintiff is entitled to punitive damages and attorney fees pursuant to 42 USC 1988.

WHEREFORE plaintiff demands judgment in her favor and against the defendants in an amount such as plaintiff shows herself to be entitled for economic and noneconomic damages as well as costs, interest, punitive damages and attorney fees.

## COUNT III

### VIOLATION OF CITY CHARTER

35. That plaintiff herein reasserts and realleges each and every allegation contained in paragraphs one (1) through thirty-four (34) of this Complaint as if set forth herein word for word and paragraph for paragraph.

36. That the Charter for the defendant, City of Ecorse, prohibits adverse employment actions based on an individual's political affiliation, associations or support.

37. That defendant's action in terminating, or "laying off", the plaintiff is violative of its City Charter.

38. That as a direct and proximate result of defendant's actions in violating the City Charter, the plaintiff has suffered damages including, but not limited, mental

LAW OFFICES OF WILLIAM C. HARSHA, P.C.
30200 Telegraph Road, Suite 440, Bingham Farms, Michigan 48025-4506
(248) 647-8930

anguish, emotional distress, embarrassment, humiliation, indignity, wage loss and loss of benefits.

WHEREFORE plaintiff demands judgment in her favor and against the defendants in an amount such as plaintiff shows herself to be entitled for economic and noneconomic damages as well as costs, interest, punitive damages and attorney fees.

LAW OFFICES OF
WILLIAM C. HARSHA, P.C.

BY: _____
WILLIAM C. HARSHA   (P40308)
Attorney for Plaintiff
30200 Telegraph Road, Suite 440
Bingham Farms, Michigan 48025-4506
(248) 647-8930

Dated: August 9, 2002

## DEMAND FOR TRIAL BY JURY

NOW COMES plaintiff herein, by and through her attorney, William C. Harsha, and hereby demands a trial by jury in the above entitled cause of action.

LAW OFFICES OF
WILLIAM C. HARSHA, P.C.

BY: _____
WILLIAM C. HARSHA   (P40308)
Attorney for Plaintiff
30200 Telegraph Road, Suite 440
Bingham Farms, Michigan 48025-4506
(248) 647-8930

Dated: August 9, 2002

LAW OFFICES OF WILLIAM C. HARSHA, P.C.
30200 Telegraph Road, Suite 440, Bingham Farms, Michigan 48025-4506
(248) 647-8930